### JENNINGS v. McNABB et al.   (No. 10173.)*

(Court of Civil Appeals of Texas. Fort Worth.   June 3, 1922.   Rehearing Denied July 1, 1922.)

1. Action ⬤⟞50(3)—Suits on contract by children against father held properly joined.

Where a father agreed with his children all at the same time to pay each one $16,000 if they would withdraw their contest of the father's application for probate of their mother's will, it was proper for the children to join their respective claims in one suit against the father to enforce the agreement.

2. Evidence ⬤⟞417(9)—Parol evidence held admissible to establish consideration of written contract.

Parol evidence is admissible to establish or prove the consideration of a written agreement, where the instrument does not purport to embody the consideration.

3. Trial ⬤⟞204—Refusal to give an instruction explaining terms of will held not error.

In children's action to recover on a contract in which their father agreed to pay each $16,000 if they would withdraw their contest of the father's application for probate of their mother's will, it was not error to refuse an instruction explaining the terms of the will, which was introduced in evidence, where the terms were unambiguous and could have been easily understood by the jury without any instruction.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by J. F. McNabb and others against E. Y. Jennings. Judgment for plaintiffs, and defendant appeals. Affirmed.

J. R. Stubblefield, of Eastland, and W. P. Sebastian and James & Conner, both of Fort Worth, for appellant.

McLean, Scott & McLean, of Fort Worth, and John W. Hill, of Breckenridge, for appellees.

DUNKLIN, J. Mrs. Modena Jennings departed this life leaving a will, by the terms of which she devised to her husband, E. Y. Jennings, all of her personal property and a life interest in all of her real estate, with remainder over to their children. The will also vested E. Y. Jennings with power to sell and dispose of the real estate in any manner he might see proper, the proceeds from any such sale to pass to the children upon his death. E. Y. Jennings was also appointed sole executor of the will without bond, and the action of the probate court relative to the administration of the estate was limited to the probating of the will and the filing of an inventory of the estate. E. Y. Jennings instituted proceedings in the county court to probate the will. His application was contested by some of his children, including his son, Grover C. Jennings, and two daughters, Mrs. Mary Harrington and Mrs. Laura McNabb.

Upon a trial before a jury, the contestants prevailed, and upon appeal from that judgment from the county court to the district court the same judgment was rendered. The judgment of the district court was reversed by the Court of Civil Appeals at El Paso, and the cause was remanded to the district court for another trial. After the remand of the cause, the contestants withdrew their contest, and the will was then finally admitted to probate.

The present suit was instituted by Grover Jennings, Laura McNabb, joined by her husband, J. F. McNabb, and Mary Harrington, joined by her husband, W. R. Harrington, against E. Y. Jennings, to recover a personal judgment against him upon an alleged contract and agreement made by the defendant to pay each of the plaintiffs the sum of $16,000 if they and the other contestants would withdraw their contest of the said application of Jennings to probate the will of Mrs. Modena Jennings. And from a judgment in favor of plaintiffs for the respective amounts sued for by them, the defendant E. Y. Jennings has prosecuted this appeal.

The case was tried before a jury to whom was submitted special issues, which, together

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction October 18, 1922.

with the answers of the jury thereto, were as follows:

"Did the defendant E. Y. Jennings promise and agree to pay to plaintiffs the sum of $16,-000 each if they would abandon the contest of the will of Modena Jennings and permit him to take a judgment probating the same? Answer: Yes.

"If you have answered the foregoing question in the affirmative, then state whether or not the plaintiffs in pursuance to said agreement did permit the said E. Y. Jennings to take a judgment probating said will? Answer: Yes."

[1, 2] Appellant insists that the court erred in submitting the respective claims of the three plaintiffs jointly; in other words, it is insisted that the suits of the three plaintiffs against the defendant should have been submitted separately. There is no merit in the assignments presenting that contention. The testimony introduced by the plaintiffs was all to the effect that the defendant made the contract alleged in plaintiffs' petition with the three plaintiffs all at the same time. There was no evidence tending to show that he made those contracts with the different plaintiffs at different times. The testimony supported the claims of all three of the plaintiffs equally, and we find nothing in the record to suggest that under the evidence introduced the jury would have been warranted in finding in favor of any one plaintiff to the exclusion of any other. A written agreement was introduced in evidence, signed by Mrs. McNabb and Mrs. Harrington and their respective husbands, made with the defendant, to withdraw their contest of the probating of the will. Grover C. Jennings did not sign that agreement, but the proof was uncontroverted that he did agree with the defendant to withdraw his contest of the application to probate the will, and that after the contest by all of the children had been withdrawn the will was admitted to probate. The written agreement so signed by the other two plaintiffs, Mrs. McNabb and Mrs. Harrington, contained the stipulation that it was "absolute and unconditional." That stipulation in the agreement did not preclude proof of the alleged contract made by Jennings to pay the plaintiffs each the sum of $16,000 for the withdrawal of the contest of defendant's application to probate the will; that agreement being the consideration for plaintiffs' agreement to withdraw the contest unconditionally. Indeed, we find no bill of exception in the record to the admission of testimony proving the alleged agreement made by the defendant with the plaintiffs on the ground that it tended to vary the term of the written agreement, appellant's contention in that respect being solely that the written agreement of Mrs. McNabb and Mrs. Harrington to withdraw their contest necessarily and as a mat-

ter of law precluded a recovery by them upon the alleged parol agreement made by the defendant to pay them the consideration for which they sued, upon the theory that to enforce the defendant's parol agreement would be to do violence to plaintiffs' written agreement to withdraw the contest absolutely and unconditionally. We cannot concur in that contention, since the alleged parol agreement of the defendant, upon which the suit was based, was clearly the consideration for plaintiffs' agreement to withdraw the contest, and it is a familiar rule that the consideration of a written agreement can always be inquired into and established by parol proof when the written instrument does not purport to embody the consideration.

[3] Error has been assigned to the refusal by the court of the following instruction requested by the defendant:

"In determining the issues, which have been submitted to you, you are instructed that you will consider the consideration, if any, of the alleged contract.

"In this connection you are instructed that under the terms of the will of Modena Jennings, E. Y. Jennings would take title absolutely to the title to all personal property of Modena Jennings owned by her at the time of her death, but only a life estate in the real estate of Modena Jennings, and in this connection you are further instructed that, there being no oil wells on the lands of Modena Jennings at the time of her death, the said E. Y. Jennings would have no right to own any oil, which might be extracted from the lands of Modena Jennings, but would only be entitled to receive the interest on any sum of money which may have been received from the sale of said oil. Further in this connection you are instructed that the proceeds of the sale of any real estate, under the terms of the will of Modena Jennings, are the property of the children of Modena Jennings, and are required under the terms to be held in trust by said E. Y. Jennings. You will consider the matters herein submitted in determining the issues submitted to you."

The will of Mrs. Modena Jennings was introduced in evidence, and contained the following provisions:

"First. I direct that all my just debts be paid, and that the legacies hereinafter given shall, after the payment of my debts, be paid out of my estate.

"Second. I give to my beloved husband, E. Y. Jennings, all of my personal property, of every character whatever, unconditionally.

"Third. I give to my beloved husband, E. Y. Jennings, during his natural life, and so long as he may live, all of my real estate, and he is hereby given power to sell and dispose of the same, as he may see proper, and after his death the said real estate shall pass to our beloved children, or their descendants, share and share alike, as they would inherit, under the law of descent and distribution, as provided for under the laws of the state of Texas, and in the event the said real estate should be

sold, by my beloved husband, during his life, then the proceeds arising therefrom shall descend and pass as the said real estate, as above mentioned.

"Fourth. I hereby constitute my beloved husband, E. Y. Jennings, my sole executor, and direct that no bond be required except the probate of this will and the filing of an inventory and appraisement."

We think it clear that the requested instruction was argumentative and upon the weight of the evidence, and the trial court did not err in refusing to give it. Furthermore, the provisions of the will were plain and unambiguous, and its legal effect could be easily understood by the jury without any instruction by the court.

After a careful consideration of the evidence as contained in the statement of facts, we have reached the conclusion that the same was sufficient to support the verdict in favor of all three of the plaintiffs, and accordingly all assignments of error presenting contentions to the contrary are overruled. For the reasons stated, the judgment of the trial court, from which the appeal is prosecuted, is affirmed.

No supersedeas bond was filed by appellant in the present suit, and on a former day this court granted a temporary writ of injunction to restrain the sale of any of the lands levied on by virtue of a writ of execution in plaintiffs' favor; the lands so levied on being the lands devised by Mrs. Modena Jennings. One of the grounds for the injunction alleged in the petition therefor was that 200 acres of the land so levied on was the homestead of the defendant E. Y. Jennings, and that under the levy plaintiffs were threatening to sell, not only the individual interest of E. Y. Jennings in the land, but also a full title thereto; in other words, that a · sale was threatened which would cloud the title of the other heirs in the property devised to them after the termination of the life estate of their father E. Y. Jennings. The injunction so granted by the court will be so modified as to prohibit the sale under execution of any interest in the homestead so claimed by E. Y. Jennings, and also to restrain the sale of any title to any other lands save and except the individual interest which said E. Y. Jennings owns in the same. But plaintiffs will be permitted to levy on and have sold under execution any interest which the defendant E. Y. Jennings may own in any and all of said lands save and except that portion claimed by him as a homestead, and also any and all personal property which the said E. Y. Jennings may own, and which is not exempt from forced sale under the statutes.

This decision is not to be construed as in any manner limiting the right of said E. Y. Jennings as executor to administer the es-

tate devised to him by Mrs. Modena Jennings in so far as the interest devised to the children of himself and Mrs. Modena Jennings by the will of the latter are involved. It is further ordered that the clerk of the district court of Stephens county issue a writ of procedendo directed to the sheriff of that county commanding him to proceed to sell, under the writ of execution heretofore placed in his hands, such title of E. Y. Jennings in the land levied on as is above indicated, after due advertisement and in accordance with the statutes in such cases made and provided.

Judgment affirmed.